IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GRANT ALAN WEST,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG MCCONNELL, ET AL.,<br><br>Defendants. | CV 25–197–M–DWM<br><br>ORDER |

Plaintiff Grant Alan West filed a pro se 42 U.S.C. § 1983 lawsuit. (Doc. 1.) The Complaint failed to state a claim for relief, but West was given the opportunity to amend. (Doc. 3.) West's Amended Complaint likewise fails to state a claim and is dismissed.

West heeded certain aspects of the Court's prior Order, which is incorporated by reference here. He eliminated his supervisory and entity claims, and some of his state law claims. He retains his federal claim regarding a warrantless search of his pharmacy records, clarifying that the records were not found in Montana's drug registry. (Doc. 4 at 7.) He rebuts the assertion that his claims are barred by the statute of limitations, stating that he could not have known of the search of his records until Defendant McConnell testified about the records on December 20, 2022, less than three years before West filed his federal Complaint. (Doc. 4 at 7.)

1

Setting aside whether it is plausible that West did not know of the prosecutor's evidence against him before trial, nothing in West's Amended Complaint clears the hurdle of the so-called *Heck* bar, as explained in the prior Order.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus....A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed....

*Id.* at 486-87. The Ninth Circuit has held that this *Heck* bar applies to § 1983 claims based on alleged Fourth Amendment violations when the allegedly unlawful seizure of evidence was used to secure a conviction. *See Szajer v. City of L.A.*, 632 F.3d 607, 611-12 (9th Cir. 2011); *Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir. 2007).

In *State v. West*, 2026 MT 13, the Montana Supreme Court discussed the use and impact of West's pharmaceutical records at trial in affirming his conviction. *Id.*, at ¶ 29. Judicial notice is also taken that West testified at his trial; his testimony

2

included discussion of his various medical conditions and the medications related to them, the very information that he claims here was private and protected from disclosure. See Appellant's Op. Br., *State v. West*, No. DA 23-0137, Montana Supreme Court (February 18, 2025). It is clear from the Supreme Court records that information about West's prescriptions and medical conditions was evidence at his trial, and discussion of it was meaningful enough to West that he appealed the trial court's handling of that information. West's conviction has not been reversed or otherwise found invalid. This Court is barred from considering West's federal claim of whether the seizure of his pharmaceutical records was unlawful.

(West asserts that his federal claims arise under the Fourth Amendment. (Doc. 4 at 5.) To the extent he intends to claim some sort of constitutional right to privacy of his pharmaceutical records under the Fourteenth Amendment, if one exists, he waived such a right when he voluntarily testified as to his medical conditions and prescriptions.)

The Court further declines to exercise its supplemental jurisdiction to consider West's state law claims.

Accordingly, it is HEREBY ORDERED:

1. West's Amended Complaint is DISMISSED as barred by *Heck v. Humphrey*. The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 54.

2.	The Clerk shall also have the docket reflect that appeal of this matter would not be taken in good faith.

DATED this 20th day of February, 2026.

_____
Donald W. Molloy, District Judge
United States District Court